IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| JEFFREY BROSSETTE, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 1:15-cv-389 |
| STONEHAM DRILLING CORPORATION | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | CLASS ACTION |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff, JEFFREY BROSSETTE ("Plaintiff"), on behalf of himself and all other similarly situated affected employees, files this Complaint against STONEHAM DRILLING CORPORATION ("Stoneham" or "Defendant"), showing in support as follows:

## I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiff and similarly situated individuals (the "Class Members") in connection with a recent Mass Layoff and/or Plant Closing at Defendant's Williston, North Dakota single site of employment/operational units within that single site of employment.

2.     Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiff and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Steven Brossette

3.     Plaintiff is a natural person who resides in Avoyelles Parish, Louisiana. He has standing to file this lawsuit.

4.     Plaintiff was employed by Defendant at/from/through Defendant's yard located at or near 14067 Jackson Street, Williston, North Dakota (the "Williston Yard").

5.     Plaintiff's employment with Defendant was verbally terminated without any advance written warning on or about February 15, 2015 ("Plaintiff's Employment Loss"). At all times relevant, Plaintiff was a full time employee of Defendant.

### B.     Class Members

6.     The Class Members are affected employees who are similarly situated to Plaintiff, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at its single site of employment at the Williston Yard in the 30 day or 90 day period from Plaintiff's employment loss.

7.     Alternatively, the Class Members are affected employees who are similarly situated to Plaintiff, and who experienced an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational units at the Williston Yard in the 30 day or 90 day period from Plaintiff's employment loss.

### C.     Stoneham Drilling Corporation

8.     Defendant is a foreign for profit corporation organized under the laws of the State of Oklahoma.

*Plaintiff's Original Class Action Complaint*                                                                    2

9.      During all times relevant to this lawsuit, Defendant has done business in the State of Colorado.

10.      At all times relevant, Defendant's principal place of business/corporate office is and has been located at 707 17th Street, Suite 3520, Denver, Colorado 80202.

11.      Defendant may be served with summons through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

**D.      Jurisdiction and Venue**

12.      The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

13.      During all times relevant to this lawsuit, Defendant has done business in the State of Colorado and continues to do business in the State of Colorado.

14.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim, and the claims of the class members, on federal law, namely 29 U.S.C. §§ 2101-2109.

15.      Venue is proper in the United States District Court for the District of Colorado because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendant transacts/transacted business in this District. 29 U.S.C. § 2104(a)(5).

16.      Venue is proper in the Denver Division of the United States District Court for the District of Colorado because, as previously identified, Defendant maintains business operations,

including its principal place of business, within the Denver Division and a substantial part of the events giving rise to the claims in this lawsuit occurred within the Denver Division.

### III.    FACTUAL BACKGROUND

17.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18.    On information and belief, and at all material times, Defendant is and has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given.

19.    Employees, drilling rigs, vehicles, equipment and supplies of Defendant were based at Defendant's district offices/yards, including its district office/yard at the Williston Yard. From those district offices/yards, employees of Defendant primarily provided drilling operations/support of drilling operations in connection with oil and/or gas exploration/production in the general geographic vicinity around the relevant district office/yard. For example, employees, drilling rigs, vehicles, equipment and supplies of Defendant at the Williston Yard provided oilfield services in and around North Dakota, primarily in a play known as the Bakken Shale.

20.    Plaintiff worked with numerous other employees of Defendant who were assigned to/worked out of the Williston Yard. Those employees performed drilling operations/support of drilling operations, primarily in oil and/or gas exploration/production in the Bakken Shale. Like Plaintiff, those workers were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

21.     Defendant's Williston Yard is/was a single site of employment under the WARN Act.

22.     Defendant operated numerous drilling rigs at/from/through the Williston Yard. Each drilling rig consisted of multiple crews that worked various shifts. Such a typical drilling rig included, during a 14 day hitch or work crew rotation, two tool pushers, two drillers, two derrick men, two motor men, and four to six floor hands that split daily operations into 12 hour shifts in a typical workday. During the subsequent hitch or work rotation, that crew would be replaced by another crew of similar structure and number with the only remaining employees typically being the tool pushers. So, a typical drilling rig of Defendant would have a crew of approximately 22 to 26 employees, exclusive of support personnel such as mechanics, drivers, and administrative support.

23.     Each such drilling rig constitutes/constituted an operational unit of the Williston Yard. On information and belief, Defendant operated approximately five drilling rigs at/from/through the Williston Yard 30 days  and/or 90 days prior to Plaintiff's employment loss.

24.     Plaintiff was verbally notified by Defendant on or about February 15, 2015 that his employment with Defendant was terminated. Plaintiff was not discharged for cause, did not voluntarily resign, and did not retire.

25.     On and around the time of his verbal terminations, Plaintiff learned that numerous other similarly situated employees who were assigned to/worked out of Defendant's Williston Yard suffered an employment loss. In fact, around the time of Plaintiff's termination, Defendant began the process of "stacking rigs" whereby drilling rigs are removed from operational work and stored with their crews typically being terminated as employees or otherwise experiencing

an employment loss. On information and belief, as of the filing of this lawsuit, Defendant has stacked all but one of its drilling rigs operating at/from/through the Williston Yard. On information and belief, support personnel at the Williston Yard, such as mechanics, drivers, and administrative support, also experienced employment losses in connection with the stacking of drilling rigs and employment losses of the drilling rig crews.

26.      On information and belief, the Williston Yard employment losses made the subject matter of this lawsuit occurred within a 30 day period of Plaintiff's employment loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Plaintiff's employment loss, such employment losses not being the result of separate and distinct actions and causes.

27.      On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Williston Yard experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Williston Yard had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

28.      On information and belief, there has been an effective cessation of the drilling operations performed at/from/through the Williston Yard within a 30 day or 90 day period from Plaintiff's employment loss.

29.      The exact number of employees who experienced an employment loss at the Williston Yard within a 30 day and 90 day period of Plaintiff's employment loss is information

that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that district office/yard is information that is currently known only to Defendant.

30.     Plaintiff and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

31.     Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

32.     Plaintiff and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.   **WARN ACT CLAIMS**

33.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34.     At material times, Plaintiff and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

35.     At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

36.     At material times, Defendant employed 100 or more employees, excluding part-time employees.

37.     Defendant's Williston Yard constitutes/constituted a single site of employment for Plaintiff and the Class Members. 29 C.F.R. § 639.3(i).

38.     Each drilling rig operating at/from/through Defendant's Williston Yard constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

39.     Plaintiff maintains this action on behalf of himself and on behalf of each other similarly situated employee.

40.     Each Class Member is similarly situated to Plaintiff with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

**A.     Mass Layoff**

41.     During a 30 day or 90 day period from Plaintiff's employment loss, Defendant ordered/executed a "Mass Layoff" at the Williston Yard single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

42.     Plaintiff and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

43.     On information and belief, 1/3 of the employees at the Williston Yard single site of employment, totaling 50 or more, suffered an employment loss as a result of that Mass Layoff.

44.     Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or

should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Mass Layoff made the subject matter of this lawsuit.

### B.   <u>Plant Closing</u>

45.   Pleading in the alternative, Plaintiff and the Class Members suffered an employment loss in connection with Defendant's Williston Yard "Plant Closing" made the subject matter of this lawsuit within 30 days or 90 days of Plaintiff's employment loss. 29 C.F.R. § 639.3(b) & (f). On information and belief, there was a permanent or temporary shutdown of the Williston Yard which resulted in the effective cessation of the work performed at/from/through that single site of employment. On information and belief, that resulted in an employment loss of 50 or more employees at that "plant" within 30 days or 90 days of Plaintiff's employment loss.

46.   Pleading in the alternative, and on information and belief, with the number of drilling rigs stacked within 30 days or 90 days of Plaintiff's employment loss, Plaintiff and the Class Members experienced a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', <u>or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees</u>, excluding any part-time employees." 29 C.F.R. § 639.3(b) (emphasis added). Each drilling rig operating at/from/through the Williston Yard was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

47.   Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Williston Yard Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not

receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Plant Closing made the subject matter of this lawsuit.

C.    **No Written Notice of Mass Layoff and/or Plant Closing**

48.    Plaintiff and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

49.    Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

50.    Plaintiff and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

51.    On information and belief, Defendant did not notify the North Dakota agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Williston Yard Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

52.    On information and belief, Defendant did not notify the North Dakota agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a)

*Plaintiff's Original Class Action Complaint*                                                    10

and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiff and the Class Members.

**D.** **Damages**

53.     As a result of Defendant's violations of the WARN Act, Plaintiff and the Class Members have suffered damages. Plaintiff and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.     CLASS ACTION ALLEGATIONS

54.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

56.     Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Williston, North Dakota district office/yard who experienced an employment loss during the 30 or 90 day period from February 15, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

57.     Plaintiff and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

58.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

59.     On information and belief, the Class Members exceed 90 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records.

60.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether the provisions of the WARN Act apply;
>
> b. Whether Defendant's employees at the Williston, North Dakota district office/yard experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;
>
> c. Whether Defendant failed to provide the notices required by the WARN Act;
>
> d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and
>
> e. The appropriate method to calculate damages under the WARN Act.

61.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

62.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

63.     Plaintiff is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Plaintiff is, therefore, a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the Class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiff and his counsel do not have claims or interests that are adverse to the Class Members.

64.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   <u>JURY DEMAND</u>

65.     Plaintiff demands a jury trial.

## VII.       DAMAGES AND PRAYER

66.       Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

  a.       An order certifying that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

  b.       Designation of Allen R. Vaught, Baron & Budd, P.C. as Class Counsel;

  c.       All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

  d.       Pre-judgment and post-judgment interest;

  e.       Costs;

  f.       Reasonable attorney's/attorneys' fees; and

  g.       All other relief to which Plaintiff and the Class Members are entitled.

Respectfully submitted,

By:     s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966
        MS Bar No. 101695
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        ATTORNEYS FOR PLAINTIFF